```
                  UNITED STATES  DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

VINCENT P. GULOTTA, JR.                                CIVIL ACTION

versus                                                 NO. 06-9252

STATE FARM INSURANCE COMPANY                           SECTION: E/5
et al

### ORDER AND REASONS

Plaintiff Vincent P. Gulotta, Jr.'s ("Gulotta") motion to remand to the 34th Judicial District Court for the Parish of St. Bernard is before the Court.  Record document #8.  Defendant State Farm Insurance Company ("State Farm") opposes the motion.  After considering the motion, memoranda, the record and the law, the motion to remand is GRANTED.

### FACTS AND PROCEDURAL BACKGROUND

Gulotta owns a home in St. Bernard Parish.[1]  During 2005, the home was insured by a homeowner's insurance policy issued by State Farm, a foreign insurer doing business in Louisiana.  Defendant John Anderson, III ("Anderson"), the State Farm agent who sold Gulotta his homeowner's policy, is a Louisiana domiciliary.  Gulotta's home was heavily damaged as a result of Hurricane Katrina.  Gulotta alleges that although the damages to his property far exceed the coverage limits under his homeowner's policy, State Farm has tendered an inadequate amount and denied claims under the homeowner's policy based on its determination

---

[1] See, generally, Petition for Damages.

that the property was damaged by flood waters and not by a covered peril such as hurricane winds and tornadoes.  Gulotta filed suit in state court against defendants; State Farm removed the suit to federal court alleging diversity jurisdiction.  State Farm argues that Anderson is improperly joined in an attempt to defeat diversity jurisdiction because the Petition fails to state a claim against Anderson under Louisiana law, and that any claim against Anderson is prescribed or perempted.

### ANALYSIS

A civil action filed in a state court may generally be removed if the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  Statutes conferring removal jurisdiction are strictly construed in favor of remand.  Shamrock Oil & Gas Corp. v. Sheets, 61 S.Ct. 868 (1941); Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  Jurisdiction is fixed at the time of removal, and the jurisdictional facts supporting removal are examined as of the time of removal.  Gebbia v. Walmart Stores, Inc., 223 F.3d 880, 883 (5th Cir. 2000).  The burden is on the removing party to show that federal jurisdiction exists and that removal was proper.  De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995).  Doubts or ambiguities regarding removal are to be construed against removal and in favor of remand.  Manguno, 276 F.3d at

723.

Improper joinder must be proved by the removing party "with particularity and supported by clear and convincing evidence." Doe v. Cutter Biological, 774 F.supp. 1001, 1003 (E.D.La. 1991)(quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3723, at 343 (2 ed. 1985)).  To determine whether there is improper joinder, the court may "pierce the pleadings" and consider summary judgment type evidence.  Parker v. Lexington Ins. Co., 2006 WL 3328040, *1 (E.D.La 11/15/2006) *citing* Travis v. Irby, 326 F.3d 644, 648049 (5th Cir. 2003).  The purpose of the inquiry is "only to identify the presence of discrete and undisputed facts that would preclude [plaintiffs'] recovery against the in-state defendant."  Botnick v. Vigilant Insurance Co., 2006 WL 2947912, *7 (E.D.La), *citing* Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573-74 (5th Cir. 2004).  When removal is based on diversity jurisdiction, as here, Louisiana law applies to the substantive issues.  Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

This Court has numerous motions to remand pending in cases similar to this one, most of which present substantially the same legal issues.  The legal standards for improper joinder, and for Louisiana law regarding the duties of an insurance agent to the insured, and peremption, have repeatedly been set forth in similar cases pending in the Eastern District in recent months.

*See, e.g.,* Dobson v. Allstate Insurance Co., 2006 WL 2078423, *4 (E.D.La.); Fidelity Homestead Association v. Hanover Insurance Co., – F.Supp.2d –, 2006 WL 2873562 (E.D.La.); Southern Athletic Club, LLC v. Hanover Insurance Company, 2006 WL 2583406 *3 (E.D.La.); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D.La.); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D.La.); Bohannan v. Allstate Insurance Company, 2006 WL 3904986 (E.D.La. December 15, 2006).

Gulotta's Petition alleges that he relied on Anderson's assurances that the policy he sold to Gulotta would cover "all hurricane damages", and that he failed to advise Gulotta of the availability or the need for additional coverage for flood damages.  Complaint, ¶¶ 8, 29 and 30.  State Farm argues that Gulotta's allegations do not state a cause of action against Anderson, but even if they did, that the claims are perempted pursuant to La. R.S. 9:5606, which provides a peremptive period of three years from the date of the alleged act, omission or neglect, and one year from the date of the discovery of the alleged act, omission or neglect.

A prescriptive or peremptive period begins to run when the injured party has constructive knowledge of the facts that would entitle him to bring suit.  Dobson, *9, *citing* Campo v. Correa, 828 so.2d 502, 510 (La. 2002).   A cause of action for negligence accrues, starting the prescriptive period, when a plaintiff

suffers damages.  <u>Dobson</u>, *6, *citing* <u>Cole v. Celotex</u>, 599 so.2d 1058, 1064 n.15 (La. 1992).  State Farm argues that Anderson sold Gulotta his homeowner's policy 16 years ago, and any negligence committed by Anderson occurred when the policy was issued.  At Exhibits "A" and "B", State Farm offers the affidavits of Anderson and Ann French, an employee of State Farm in its Underwriting Department, respectively.  Anderson attested that he procured Gulotta's homeowner's policy on May 1, 1989, and that it became effective on May 7, 1989.  Ann French testified that he renewed the policy each successive year on May 7th, including the renewal date of May 7, 2005.  She also testified that on May 7, 2005, State Farm converted Gulotta's policy "from an HO3 policy form FP7923 to an HOW policy form FP7955."  Attached as Exhibit "C" is a printout of portions of the underwriter's file of Gulotta's homeowner's policy showing renewals and various endorsement increases/decreases from November 11, 1991 through September 22, 2006.

  Renewals of insurance policies generally do not operate to restart the peremptive period.  <u>Fidelity Homestead Association</u>, *2, *citing* <u>Southern Athletic Club, LLC v. Hanover Insurance Company</u>, 2006 WL 2583406 *3 (E.D.La.)(citing <u>Dobson</u>, 2006 WL 2078423 *8).  However, if the complained of conduct constitutes separate and distinct acts that give rise to immediate apparent damages, renewals can be the basis of separate torts.  <u>Id.</u>,

*citing* Biggers v. Allstate Ins. Co., 886 So.2d 1179, 1182 (La.App. 5 Cir. 10/26/04); Sonnier, 924 So.2d at 422.

As evidenced by Ann French's Affidavit, and Exhibit "C", the policy Anderson sold to Gulotta in 1989 was unilaterally converted to a different policy - a new policy form with different coverages and premiums - on May 7, 2005.  There is no evidence that this new policy was delivered to Gulotta for his inspection, or that Anderson discussed the changes and new coverages with Gulotta.  The peremptive period began when the new policy form was issued on May 7, 2005, and neither the three or one year peremptive periods had expired when Gulotta filed this suit.

While insurance agents have a duty only to use reasonable diligence in attempting to place the insurance requested, they have a duty to supply their customers with correct information and they may be liable for negligent misrepresentation when they provide incorrect information and an insured is thereby damaged. Dobson, *10, *citing* Karam, 281 So.2d at 730 *and*  Venture Assocs. Inc. Of La. v Trans. Underwriters of La., 634 So.2d 4, 6-7 (La.Ct.App. 1994).  There is a reasonable basis to predict that the Petition does state a claim against Anderson within the parameters of Louisiana law, and, resolving any doubts and ambiguities in favor of the nonremoving party, that Gulotta may produce sufficient evidence to recover against Anderson.  State

Farm has not met its burden of proving by clear and convincing evidence that removal was proper.

Accordingly,

**IT IS ORDERED** that Gulotta's motion to remand is **GRANTED,** and the captioned matter is hereby **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard.

New Orleans, Louisiana, March 14, 2007.

_____
**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge